UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH PETTIS, | ) |
| | ) |
| Petitioner, | ) 16 C 5942 |
| | ) |
| vs. | ) Judge Gary Feinerman |
| | ) |
| ALEX JONES, Acting Warden, Menard Correctional Center | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM OPINION AND ORDER**

Joseph Pettis, who is serving a lengthy sentence for first-degree murder, petitions for a writ of habeas corpus under 28 U.S.C. § 2254(d). Doc. 1. The Warden moves to dismiss the petition on procedural default grounds. Doc. 25. The Warden is correct, the petition is dismissed, and the court declines to issue a certificate of appealability.

**Background**

Pettis was found guilty of first-degree murder. The Appellate Court of Illinois affirmed, *People v. Pettis*, 2012 IL App (1st) 102475-U (Ill. App. Aug. 7, 2012) (reproduced at Doc. 26-1 at 1-35), and the Supreme Court of Illinois denied his petition for leave to appeal ("PLA"), *People v. Pettis*, 981 N.E.2d 1001 (Ill. 2012) (reproduced at Doc. 26-5).

Pettis filed a post-conviction petition under the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1 *et seq*. The state trial court denied the petition, and the appellate court affirmed. *People v. Pettis*, 2015 IL App (1st) 133289-U (Ill. App. Sept. 8, 2015) (reproduced at Doc. 26-7). Pettis did not file a post-conviction PLA. Doc. 1 at 3. Pettis sought leave to file a successive post-conviction petition, Doc. 14-1 at 18, but the state trial court denied leave, and his request to file a late notice of appeal was denied as well, *id*. at 20.

1

**Discussion**

Pettis seeks habeas relief on ten grounds: (1) the introduction into evidence of prior inconsistent statements by certain witnesses deprived him of a fair trial; (2) the introduction of hearsay evidence from witnesses who identified his co-defendants from photographs and line-ups deprived him of a fair trial; (3) the prosecution's argument that certain witnesses recanted prior inculpatory statements out of fear deprived him of a fair trial; (4) the disparity between his sentence and that of a co-defendant violated his federal equal protection and due process rights; (5) the prosecution's use of perjured testimony denied him a fair trial; (6) prosecutorial misconduct deprived him of a fair trial; (7) his trial counsel was ineffective; (8) his appellate counsel was ineffective; (9) the evidence was insufficient to prove him guilty beyond a reasonable doubt; and (10) the jury venire did not represent a fair cross-section of Cook County. Doc. 1 at 5-13. All ten claims are procedurally defaulted.

**A.    Pettis Did Not Fairly Present Claims 3 and 5-10 to the State Courts.**

A federal habeas claim is "procedurally defaulted when a petitioner fails to 'fairly present' [the] claim to the state courts." *Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir. 2014). "To fairly present his federal claim, a petitioner must assert that claim throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings." *Ibid.* (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). That means that the petitioner, on either direct or post-conviction review, must have "present[ed] the contention to each level of the state judiciary." *Bland v. Hardy*, 672 F.3d 445, 449 (7th Cir. 2012). Accordingly, "[a] procedural default occurs where a habeas petitioner has exhausted his state court remedies without properly asserting his federal claim at each level of state court review." *Crockett v. Hulick*, 542 F.3d 1183, 1192 (7th Cir. 2008) (internal quotation marks

omitted).  For habeas petitioners in Illinois, exhaustion requires presenting the claim to the Supreme Court of Illinois.  *See Boerckel*, 526 U.S. at 845-46.

Pettis did not present Claims 3 and 5-10 through a complete round of state court review.  On direct review, he did not raise Claims 5 or 7-10 in either the state appellate court or supreme court, Docs. 26-2, 26-4, 26-6, and although he raised Claims 3 and 6 in the appellate court, Doc. 26-2 at 44-50, Doc. 26-4 at 11-18, he did not do so in his PLA, Doc 26-6.  As for post-conviction review, Pettis did not file a post-conviction PLA and thus cannot have fairly presented any claim during that round of review.  *See Hicks v. Hepp*, 871 F.3d 513, 530 (7th Cir. 2017) ("[A] petitioner … fairly present[ing] his constitutional claims through at least one complete round of [review] includes presenting the claims to the state's highest court in a petition for discretionary review.") (internal quotation marks and citations omitted).  Accordingly, those claims are procedurally defaulted.  *See Johnson v. Pollard*, 559 F.3d 746, 751 (7th Cir. 2009); *Conner v. McBride*, 375 F.3d 643, 648 (7th Cir. 2004).

**B.     The State Courts Rejected Claims 1 and 2 on Adequate and Independent State Law Grounds.**

Although Pettis presented Claims 1 and 2 on direct appeal, Doc. 26-2 at 25-42; Doc. 26-4 at 2-10, Doc. 26-6 at 14-19, the state appellate court rejected them on the ground that he had waived both by not pressing them at trial.  2012 IL App (1st) 102475-U, at ¶¶ 43-53, 58-69.  The appellate court reviewed those claims for plain error but held that there was no plain error, *ibid.*, and, as noted, the state supreme court denied Pettis's PLA, Doc. 26-5.

"When the last state court to issue an opinion on a petitioner's federal claim has resolved that claim on an adequate and independent state ground, federal habeas review of the claim is foreclosed.  Typically this occurs when the petitioner failed to comply with a state procedural rule and the state court relied on that procedural default to refrain from reaching the merits of the

3

federal claim." *Miranda v. Leibach*, 394 F.3d 984, 991-92 (7th Cir. 2005) (internal citations omitted). A state reviewing court's determination that a petitioner waived or forfeited a claim is "an adequate and independent state ground for a decision." *Franklin v. Gilmore*, 188 F.3d 877, 886 (7th Cir. 1999); *see also Whitehead v. Cowan*, 263 F.3d 708, 727 (7th Cir. 2001) ("When [petitioner] raised his … claims on direct appeal, the Illinois Supreme Court determined they were waived because [he] had not objected … during trial or in his post-trial brief. The [Court's] ruling thus constitutes an independent and adequate state ground for its decision, and bars federal review of the issue.") (internal citation omitted). The state appellate court's review of Claims 1 and 2 for plain error does not qualify as review on the merits and thus does not undermine the conclusion that the claims were rejected on an adequate and independent state ground. *See Kaczmarek v. Rednour*, 627 F.3d 586, 592 (7th Cir. 2010) ("We consistently have held that where a state court reviews a federal constitutional claim for plain error because of a state procedural bar … that limited review does not constitute a decision on the merits. … Therefore, we conclude that the waiver rule also was an adequate state law ground."); *Rodriguez v. McAdory*, 318 F.3d 733, 735-36 (7th Cir. 2003) ("Although a state court's review of whether an error is plain often entails at least limited review of the merits, that limited review is at most entangled with the merits and certainly not entirely dependent on the merits. Thus the state court's plain error review of [petitioner's] claims did not undo his procedural default.") (internal quotation marks and citations omitted).

    **C.**    **Pettis Did Not Fairly Present Claim 4 to the State Courts as a Federal Claim.**

To fairly present a federal claim, the petitioner must supply the state court with "both the operative facts and the controlling legal principles" underlying the claim, *Verdin v. O'Leary*, 972 F.2d 1467, 1474 (7th Cir. 1992) (internal quotation marks omitted), and must alert the state court to the claim's "federal nature," *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Four factors govern

4

whether a petitioner alerted the state court to the federal nature of a claim: "1) whether the petitioner relied on federal cases that engage in a constitutional analysis; 2) whether the petitioner relied on state cases which apply a constitutional analysis to similar facts; 3) whether the petitioner framed the claim in terms so particular as to call to mind a specific constitutional right; and 4) whether the petitioner alleged a pattern of facts that is well within the mainstream of constitutional litigation." *Ellsworth v. Levenhagen*, 248 F.3d 634, 639 (7th Cir. 2001); *see also Byers v. Basinger*, 610 F.3d 980, 985 (7th Cir. 2010) (same).

As noted, Claim 4 alleges that that the disparity between Pettis's sentence and that of one of his co-defendants violated his federal equal protection and due process rights. Doc. 1 at 6. Although Pettis complained of this disparity on direct review, his appellate court briefs and PLA argued only that the disparity violated Illinois law, not that it violated federal due process or equal protection principles. Doc. 26-2 at 51-53; Doc. 26-4 at 18-21; Doc. 26-6 at 19-21. Moreover, the fact pattern that Pettis presented in state court is not well within the mainstream of constitutional litigation, and his suggestion that the "13-year disparity between [his] and [his co-defendant's] sentences is disproportionate" given the similarity in their "level of participation in the offense [and] … background," Doc. 26-2 at 51, is not framed in terms so particular as to call to mind a specific federal constitutional right. *See United States v. Williams*, 495 F.3d 810, 820 (7th Cir. 2007) (holding that disparate sentences for distributing crack cocaine and distributing powder cocaine, without more, does not violate due process or equal protection). It follows that Pettis procedurally defaulted Claim 4.

     **D.**    **Pettis Cannot Overcome His Procedural Defaults.**

A habeas petitioner may overcome a procedural default by: (1) demonstrating cause and prejudice; or (2) showing that the habeas court's failure to consider the claim would result in a

fundamental miscarriage of justice. *See House v. Bell*, 547 U.S. 518, 536 (2006); *Smith v. McKee*, 598 F.3d 374, 382 (7th Cir. 2010). Pettis satisfies neither ground for overcoming his procedural defaults.

### 1. Cause and Prejudice

"Cause for a default is ordinarily established by showing that some type of external impediment prevented the petitioner from presenting his claim. Prejudice is established by showing that the violation of the petitioner's federal rights worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Thompkins v. Pfister*, 698 F.3d 976, 987 (7th Cir. 2012) (internal quotation marks and citations omitted). Because Pettis has not demonstrated cause, it is unnecessary to address prejudice.

Pettis suggests two potential causes for his defaults. First, he argues that he did not file a post-conviction PLA because he is a "*pro se* litigant … unlearned in the law," "was given erroneous advice pertaining to the [relevant] procedural rules," and "suffers from dyslexia." Doc. 1 at 3. These circumstances do not establish cause. A petitioner's *pro se* status in state court does not excuse a procedural default. *See Haley v. United States*, 78 F.3d 282, 285 (7th Cir. 1996) ("Nor does [petitioner's] pro se status excuse him from failing to argue the issue in his first petition. Therefore, [petitioner] has not established cause for failing to raise all of his claims in his first … petition.") (internal citations omitted); *Salberg v. United States*, 969 F.2d 379, 383 (7th Cir. 1992) (similar). The bad advice Pettis may have received from an unnamed individual also does not qualify as cause. *See Morrison v. Duckworth*, 898 F.2d 1298, 1300 (7th Cir. 1990) ("[Petitioner] had no constitutional right to counsel when mounting his collateral attack on his conviction. Thus he cannot rely on ineffective assistance of counsel during his state habeas proceedings as grounds to establish cause."). And Pettis fails to "show how his dyslexia

impeded his efforts to comply with procedural requirements causing his procedural default." *Corbin v. Johnson*, 2009 WL 2232751, at *3 (E.D. Va. 2009) (internal quotation marks omitted); *see also Harris v. McAdory*, 334 F.3d 665, 668-669 (7th Cir. 2003) (holding that a *pro se* habeas petitioner's borderline mental disability and alleged organic brain dysfunction did not qualify as cause to excuse his procedural default).

Second, Pettis asserts that he received ineffective assistance of trial counsel and direct review appellate counsel. Doc. 1 at 8-12. If Pettis's "trial and/or his appellate attorneys were ineffective for failing to present [some of his] claims at trial and on direct appeal of his conviction, then their sub-par representation might supply cause for his procedural default of these claims." *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004). However, "ineffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim" that must have been fairly presented to the state courts. *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000). Put another way, "the exhaustion doctrine … generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Murray v. Carrier,* 477 U.S. 478, 488-89 (1986). Pettis does not satisfy that requirement. Although he pressed an ineffective assistance of counsel claim in the state appellate court on post-conviction review, Doc. 26-8 at 19-23, his failure to do so in a post-conviction PLA renders that claim procedurally defaulted and thus insufficient to establish cause to excuse the procedural default of his other claims. *See Carpenter*, 529 U.S. at 451-52; *Smith v. Gaetz*, 565 F.3d 346, 352 (7th Cir. 2009). And Pettis cannot benefit from the narrow exception to this rule recognized in *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413 (2013), for

7

ineffective assistance of trial counsel claims because that exception does not apply in Illinois. *See Crutchfield v. Dennison*, 910 F.3d 968, 972-78 (7th Cir. 2018).

### 2. Fundamental Miscarriage of Justice

"The fundamental miscarriage of justice exception [to procedural default] requires 'the habeas petitioner to show that a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Smith*, 598 F.3d at 387 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). To "pass through the actual-innocence gateway to a merits review of a procedurally barred claim, the petitioner must have new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial, and must persuade the district court that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Jones v. Calloway*, 842 F.3d 454, 461 (7th Cir. 2016) (internal quotation marks and citations omitted).

The only potentially new evidence referenced by Pettis arrives via his submission, in connection with Claim 7, that his trial counsel failed to interview a woman named Veronica with whom he was supposedly speaking when the murder took place. Doc. 1 at 9. Merely giving the first name of a person who might provide him with an alibi falls far short of the showing necessary to qualify for the actual innocence gateway. *See McDowell v. Lemke*, 737 F.3d 476, 483 (7th Cir. 2013) (holding that the petitioner's affidavit, which "contain[ed] no indicia of reliability," was "insufficient to meet the actual innocence bar"); *Hayes v. Battaglia*, 403 F.3d 935, 938 (7th Cir. 2005) ("To demonstrate innocence so convincingly that no reasonable jury could convict, a prisoner must have documentary, biological (DNA), or other powerful evidence: perhaps some non-relative who placed him out of the city, with credit card slips, photographs, and phone logs to back up the claim."); *cf. Arnold v. Dittmann*, 901 F.3d 830, 838 (7th Cir. 2018) (holding that the petitioner "presented a plausible claim of actual innocence" where the witness

8

upon whose testimony the "State's case … rested primarily, if not exclusively," recanted "in an affidavit [to which] he swore to and signed in the presence of a notary and two other witnesses").

## Conclusion

Because Pettis's claims are procedurally defaulted, his habeas petition is dismissed. Rule 11(a) of the Rules Governing Section 2254 Cases states that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *See Lavin v. Rednour*, 641 F.3d 830, 832 (7th Cir. 2011). The applicable standard is as follows:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that … includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.

*Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (internal quotation marks omitted); *see also Davis v. Borgen*, 349 F.3d 1027, 1029 (7th Cir. 2003).

This court's denial of Pettis's petition relies on settled precedent and the application of this precedent to his petition does not present difficult or close questions, and so the petition does not meet the standard for granting a certificate of appealability. The court therefore denies a certificate of appealability.

February 24, 2020

_____
United States District Judge